IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOMMY BASS, #122 504, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-88-WHA |
| | ) | [WO] |
| KIM THOMAS, DIRECTOR ADOC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff brings this *pro se* 42 U.S.C. § 1983 action against former Commissioner of the Alabama Department of Corrections–Kim Thomas, Warden Gary Hetzel, the Executive Director of the Alabama Board of Pardons and Paroles–Cynthia Dillard, and Attorney General for the State of Alabama–Luther Strange. This action proceeds on Plaintiff's amended complaint filed February 28, 2013, in which he alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment due to overcrowded conditions at the Easterling Correctional Facility ["Easterling"]. Plaintiff complains the overcrowded conditions are exacerbated by the enactment of "get tough on crime" legislation which has resulted in lengthy prison sentences and elimination of good time credits. Plaintiff also challenges a denial of medical parole due to his multiple medical problems which he claims are made worse by the overcrowded conditions at Easterling. For relief, Plaintiff requests that the Alabama Department of Corrections ["ADOC"] relieve the overcrowded conditions by reducing the inmate population by almost half, to include

his release via a medical parole, and that the ADOC provide him with physical and medical therapy and medicine when released from custody.¹ *Doc. No. 5.*

Defendants filed special reports and supporting evidentiary materials addressing Plaintiff's claims for relief. In these documents, Defendants deny they acted in violation of Plaintiff's constitutional rights. *Doc. Nos. 13, 179.* The court granted Plaintiff an opportunity to file a response to Defendants' reports and he did so. *Doc. No. 19.* The court deems it appropriate to treat Defendants' reports as motions for summary judgment. This case is now pending on Defendants' dispositive motions.

## I. DISCUSSION²

*A. Defendants Thomas and Hetzel*

Plaintiff is no longer incarcerated at the Easterling Correctional Facility, which is where he was incarcerated when he filed the complaint. Since filing this action he has been transferred to the Limestone Correctional Facility in Harvest, Alabama. Based on Plaintiff's amended complaint and the specific relief sought, the undersigned concludes Plaintiff's complaint against Defendants Thomas and Hetzel is due to be dismissed as moot.

Plaintiff complains that Defendants Thomas and Hetzel subjected him to unconstitutional conditions of confinement in violation of his Eighth Amendment rights by "holding [him] illegally in [an] overcrowded facility." *Doc. No. 1* at 3. Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist

---

¹ In his opposition to Defendants' dispositive motions, Plaintiff reiterates that he is not seeking damages. *Doc. No. 19* at 1.

² Although Plaintiff does not state the capacity in which he sues Defendants, for liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he or she represents. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, a suit against Defendants in their official capacities is in reality a suit against the state of Alabama. Thus, Plaintiff's § 1983 claims against the named defendants brought against them in their official capacities would be barred by the Eleventh Amendment.

when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Where the only relief requested is injunctive, it is possible for events subsequent to filing the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2. Federal courts may not rule upon questions hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) (citations omitted), the Eleventh Circuit Court of Appeals determined "[a] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation." *See also Darring v.*

*Kincheloe*, 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Lewis,* 494 U.S. at 477.

"Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*; *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.' " (citation omitted)). In the context of a § 1983 action filed by a prisoner, such as this, a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1989) ("[A]n inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Plaintiff is no longer an inmate at Easterling, having been transferred to another correctional institution during the pendency of this action. He is, therefore, no longer subject to the conditions about which he complains when he filed the instant matter.[3] There is no indication

---

[3] Even if Plaintiff may be heard to argue that he seeks to litigate claims regarding the conditions to which other inmates are subjected in facilities throughout the state prison system, he lacks standing to assert the

4

that Plaintiff will be returned to Easterling, much less be returned in the immediate future. " 'Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.' " *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985), quoting *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984). Absent is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. *See id*. (finding that a transfer of the plaintiff back to the county jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

In light of the foregoing, the court finds that Plaintiff's complaint against Defendants Thomas and Hetzel is now moot. Because there is no present case or controversy to support the court's jurisdiction over Plaintiff's claims against these defendants, his complaint against Defendants Hetzel and Thomas is due to be dismissed without prejudice for lack of jurisdiction.

*B. Defendant Dillard*

Plaintiff alleges a violation of his constitutional rights based on Defendant Dillard's refusal to grant him release on a "medical parole." Defendant Dillard, as executive director for the Alabama Board of Pardons and Paroles, is not involved in the parole decision-making process. *Doc. No. 13, Exh. B*. Even had Plaintiff named a proper defendant, however, he would

---

constitutional rights of other persons. *McGowan v. Maryland*, 366 U.S. 420, 429 (1961), *citing United States v. Raines*, 362 U.S. 17, 22 (1960) ("[A] litigant may only assert his own constitutional rights or immunities."); *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-219 (1974) (plaintiff must assert a legally cognizable injury in fact before federal courts have jurisdiction); *Saladin*, 812 F.2d 687, 690 (11th Cir. 1987); *Harris v. McRae*, 448 U.S. 297, 320 (1981). While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals. The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981).

not be entitled to relief on this claim as he possesses no liberty interest in being granted parole protected by the Due Process Clause of the Constitution, *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991) (inmates have no liberty interest in being granted parole protected by the Due Process Clause); *Heard v. Georgia State Board of Pardons and Paroles*, 222 Fed. Appx. 838, 840 (11th Cir. 2007) (same), nor does a refusal to grant him parole constitute cruel and unusual punishment. *See Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929, 933 (11th Cir. 1986) (a denial of parole does not rise to the level of an Eighth Amendment violation as such action is "merely a disappointment rather than a punishment of cruel and unusual proportions.").

*C. Defendant Strange*

Plaintiff complains that Alabama Attorney General Strange's enactment of "get tough on crime" legislation violates his Eighth and Fourteenth Amendment rights because it has resulted in longer prison terms for both violent and non-violent offenders which, in turn, has led to overcrowded prison conditions. Defendant Strange, as the chief law enforcement officer of the State of Alabama, is not responsible for enacting legislation. To the extent Plaintiff's claim against Defendant Strange seeks to challenge his actions in performing his functions as an advocate for the government regarding enforcement of state laws, Plaintiff is entitled to no relief. While "prosecutors do not enjoy absolute immunity from [declaratory and injunctive relief] claims," *see Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981), to receive declaratory or injunctive relief against Defendant Strange, Plaintiff must establish there was a violation, that "there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (*citing Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982)). Because Plaintiff has failed to show an

absence of an adequate remedy at law, he is not entitled to equitable relief against Defendant Strange in this § 1983 action. *Id.*

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants Thomas and Hetzel be DISMISSED without prejudice for lack of jurisdiction;

2. Defendants Dillard's and Strange's motions for summary judgment (*Doc. Nos. 13, 17*) be GRANTED;

3. This case be DISMISSED with prejudice;

4. Costs be taxed against Plaintiff.

It is further

ORDERED that **on or before March 3, 2016**, the parties may file any objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 18th day of February 2016.

                                           /s/ Wallace Capel, Jr.
                                          UNITED STATES MAGISTRATE JUDGE